1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD LEE WILLIAMS,

11            Plaintiff,              No. CIV S-06-0160 FCD KJM P

12       vs.

13   K. PROSPER, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.   In his amended complaint, he alleges that defendant Braida assaulted him;

18   that defendants Epperson and Williams failed to stop the assault; that defendants Epperson,

19   Williams, Braida and Gonzalez falsified reports about the incident, which led to plaintiff's being

20   placed on "management status" for ten days; that he was forced to sleep on the concrete floor

21   even though defendants Williams, Braida, Epperson, Gonzalez and Cook knew he had been

22   injured in the assault; that in retaliation for plaintiff's complaints about this incident, defendants

23   Briddle and Vanderville referred him for transfer to Corcoran for indefinite SHU placement.

24   With these claims as a backdrop, plaintiff raises claims for the assault and battery, failure to

25   protect from harm, racially motivated assault, cruel and unusual punishment, and retaliation.

26

1    Plaintiff has filed two motions to compel discovery, a motion for the entry of

2    default judgment against defendant Braida, a motion for leave to file a second amended

3    complaint, and a motion for the appointment of counsel.

4    I.  Motion For The Entry Of Default

5    Plaintiff asks the court to enter default judgment against defendant Braida.

6    However, defendant Braida filed an answer on February 4, 2008, within the extended time to

7    respond as granted by the court.  See Docket Nos. 39, 51, 58.  The motion will be decided.

8    II.  Motion To Amend The Complaint

9    On April 17, 2008, plaintiff filed a motion to file an amended complaint that

10   would change the pleadings in the following ways.  First, it would divide the assault and battery

11   claims into different causes of action.  Second, it would add a claim based on 42 U.S.C. § 1981

12   against defendant Braida.  Third, it would add a claim of perjury, cover-up and retaliation against

13   all the defendants.  Fourth, it would add a claim of intentional infliction of emotional distress

14   against all the defendants.  Fifth, it would add a claim of negligence against all defendants.

15   Defendants Gonzalez, Briddle and Vanderville have opposed the motion, arguing

16   they would be prejudiced if the amendment were allowed because the request was filed after the

17   close of discovery and just before the deadline for filing dispositive motions.[1]

18   Under Rule 15(a)(1)(B), (2) of the Federal Rules of Civil Procedure, once a

19   responsive pleading has been filed, a plaintiff must obtain leave of the court before he may file an

20   amended complaint.  Although leave to amend should be given freely, the court must also

21   determine whether "justice so requires."  Id.; Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir.

22   2004).  In assessing the propriety of a motion for leave to amend, a court considers five factors:

23   (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and

24   (5) whether the plaintiff has previously amended his complaint.  Nunes v. Ashcroft, 375 F.3d

25

26   [1]  Defendants Briddle and Vanderville filed a motion for summary judgment on April 23,
     2008.

2

805, 809 (9th Cir. 2004).  To determine whether a motion to amend is timely, the court must consider "whether the moving party knew or should have known of the facts and theories raised by the amendment in the original pleading."  AmerisourceBergen Corporation v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation, citation omitted).  Nevertheless, prejudice to the opposing party is the most important consideration.  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Defendants Gonzalez, Briddle and Vanderville have shown they will be prejudiced by allowing plaintiff to file an amended complaint as to them at this stage of the litigation, for it would require them to seek to reopen discovery.  Moreover, defendants Briddle and Vanderville would have to retool if not completely rewrite their motion for summary judgment, already fully briefed.

No scheduling order has yet issued as to defendants Cook, Epperson and Braida, so they will not be prejudiced by the proposed amendment.  In addition, it does not appear that defendant Williams has been served.  Under these circumstances, plaintiff's pro se status and its impact on his ability to draft his pleadings weighs in his favor.  Amendment is appropriate as to these defendants.

Allowing amendment as to some, but not all the defendants, means that this litigation should be pursued on two separate complaints.  Accordingly, the court will order that the amended complaint be filed under a new case number and that the second case proceed only against defendants Cook, Epperson, Braida and Williams.

III.  Motions To Compel Discovery

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request.  Fed. R. Civ. P. 37(a)(3).  A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b).

3

1         A.  <u>Motion Filed January 22, 2008 (Docket No. 60)</u>

2         Plaintiff served virtually identical requests for the production of documents on

3 defendants Gonzalez, Briddle and Vanderville and now seeks to compel responses to these

4 requests.[2]  Defendants argue that the motion should be denied because plaintiff failed to meet and

5 confer and failed to specify which requests were not, in his view, adequately answered.   They

6 also argue that they have provided documents in response to those requests which were

7 unambiguous and relevant and did not asked for privileged material.

8         1.  <u>Meet And Confer</u>

9         As provided by the court's discovery order (docket no. 52), the meet and confer

10 requirements do not apply to this case.

11         2.  <u>Specificity</u>

12         According to Rule 7(b) of the Federal Rules of Criminal Procedure, a motion

13 "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

14 The rule's "particularity requirement" is designed "to give notice of the basis for the motion to

15 the court and the opposing party so as to avoid prejudice, 'providing that party with a meaningful

16 opportunity to respond and the court with enough information to process the motion correctly.'"

17 <u>Andreas v. Volkswagen of America, Inc</u>, 336 F.3d 789, 793 (8th Cir. 2003).  Plaintiff's motion

18 does not satisfy this standard.  Although the court is mindful of plaintiff's pro se status and its

19 obligation to construe pro se pleadings leniently, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1978),

20 a pro se plaintiff must nevertheless "adhere to the rudimentary dictates of civil procedure."

21 <u>Holsey v. Collins</u>, 90 F.R.D. 122, 125 (D.C. Md. 1981); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th

22 Cir. 1987) (pro se plaintiff must follow rules of procedure).  Nevertheless, because defendants

23 /////

24

25       [2]  Plaintiff also sought to compel these defendants to respond to his first set of
interrogatories but in his reply to the opposition notified the court that he had received answers
26 and would no longer pursue this aspect of his motion to compel.

1  have responded to the substance of the motion to compel, the court will do so as well.  Plaintiff is

2  cautioned, however, not to file any other motions at this level of generality.

3                            3.  Possession, Custody, and Control

4            Under Rule 34(a)(1) of the Federal Rules of Civil Procedure, a party may request

5  the production of documents that are in another party's "possession, custody, or control."

6  Under the rule, a party is in control of a document when he has the "legal right to obtain

7  documents upon demand."  <u>United States v. International Union of Petroleum and Indus.</u>

8  <u>Workers</u>, 870 F.2d 1450, 1452 (9th Cir. 1989).  Accordingly, a party is in control of a document

9  when he is able "to command release of the documents by the person or entity in actual

10  possession."  <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D. Nev. 1991).  This court

11  cannot compel defendants to produce documents that do not exist or are not in their possession or

12  control.  <u>Manning v. General Motors</u>, 247 F.R.D. 646, 652 (D. Kan. 2007).   The party seeking

13  production bears the burden of showing that the opposing party has control of the sought-after

14  documents.  <u>International Union of Petroleum and Indus. Workers,</u> 870 F.2d at 1452.

15           Defendants have submitted the declaration of F. Foulk, a Facility Captain, who

16  avers that correctional counselors, correctional officers and retired personnel do not have access

17  to materials stemming from and relating to investigations undertaken by the Investigative Service

18  Unit.  Declaration of  F. Foulk (Foulk Decl.) ¶¶ 5-8.  They argue that, as a result, they do not

19  have control over the materials sought in requests 4-9, 11-12, 14, 15, 33-35 and 37.  Amended

20  Opposition (Am. Opp'n) at 5.   Plaintiff has not suggested that these three defendants have

21  possession or are in control of the documents relating to the CDC-115 against plaintiff or the

22  subsequent investigation into the interaction between plaintiff and Braida and so has not borne

23  his burden of showing the requisite level of control.  Moreover, it appears plaintiff has access to

24  some of the documents sought, such as the CDC-115 and the CDC 114-D, through his central

25  file.

26  /////

1           4.  Materials Available To Plaintiff

2           Defendants argue that requests 17-19, 21, 25-29, 33, 35, 40 and 43 relate to

3    materials contained in plaintiff's central and medical files, to which he has access.   This

4    characterization is, for the most part, correct.  Although some courts have suggested that a party's

5    access to the documents sought undercuts a motion to compel, others have found that "a party

6    complies with . . . rule [34] if it affords opposing sides equal access to the information sought."

7    Rowlin v. Alabama Dep't. of Public Safety, 200 F.R..D. 459, 462 (M.D. Ala. 2001); compare St.

8    Paul Reinsurance Company, Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D.

9    Iowa 2000).  Moreover, a party need not always provide copies to the requesting party, but rather

10   may simply make the documents available for copying.  Rowlin, 200 F.R.D. at 462.  In this case,

11   defendants have satisfied their obligation of production by noting plaintiff's access to the records

12   sought through his central file.

13          Two of the requests ask for documents that do not seem to be of a type to be

14   included in plaintiff's files.  In request 19, plaintiff seeks a policy rather than materials from his

15   file; it has been provided to him.  In request 40, plaintiff asks for any document germane to

16   defendant Vanderville's being assigned to the ICC committee for the hearing on December 23,

17   2004.  This document, not yet provided, may be relevant to plaintiff's claim that the ICC hearing,

18   held in an allegedly irregular fashion, was undertaken to retaliate against plaintiff.

19           5.  Attorney-Client Privilege

20          Defendants argue that the materials sought in requests 16 and 30 are protected by

21   the attorney-client privilege and are not relevant.   In request 16, plaintiff seeks "all documents

22   referring or relating to a Policy or Practice of the California Department of Corrections or the

23   State of California concerning the circumstances under which an employee of the Department of

24   Corrections will be indemnified for damages assessed against an employee in a legal action."   In

25   request 30, he requests "any and all Procedural Policies and Practice that the Department of

26   Corrections and State of California follows as a result of any order or recommendation that

6

1    comes as a settlement agreement that refer or relate to an inmate and the Attorney General office

2    and the Department of Corrections."

3          Although defendants have claimed the privilege, they have not complied with

4    Rule 26(b)(5) of the Federal Rules of Civil Procedure, which requires them to "describe the

5    nature of the documents . . .not produced" in a way that "will enable other parties to assess the

6    claim" of privilege." See also Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992).

7    Nevertheless, even under the broad standards of relevance for discovery, the court finds these

8    materials are not relevant.   Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)

9    (discovery is not limited to the claims in the pleadings, but may be used to define and clarify the

10   issues).

11                  6.  Materials From Plaintiff's Confidential File

12         Defendants argue that materials in the confidential portion of plaintiff's file, the

13   subject of requests 22-24 and 44 are not relevant because the dates of the materials sought do not

14   correspond to dates relevant to the lawsuit.  Am. Opp'n at 6.

15         In request 22, plaintiff seeks "confidential memoradums that supports Plaintiff's

16   ability to be housed and able to Program with other inmates; confidential memo dated 1/4/00,

17   confidential memo dated 10/10/02 and confidential memo dated 4/29/03.  In request 23, he asks

18   for "confidential memo dated February 11, 1999;" in request 24, he seeks a "print-out chart that

19   depicts the dates of all confidential memorandums, documents that are maintained in Plaintiff's

20   c-file, to include and not be limited to any such confidential memorandums documented at High

21   Desert State Prison."  Finally, in request 44, plaintiff asks for "a confidential memorandum dated

22   1-8-04."

23         In his reply, plaintiff argues that these are relevant to show his classification and

24   transfer following the incident with Braida was retaliatory because, as the confidential

25   memoranda will show, concerns about his safety and ability to program have been addressed in

26   those documents.

1    The court finds these documents, apart from request 24, to be relevant, but also

2 finds defendants' objections based on the confidential nature of the material to be legitimate.

3 Accordingly, the court will direct that the material be delivered to chambers for an in camera

4 review and in the meantime reserve ruling on the motion as to requests 22, 23 and 44.

5    Request 24 appears to require defendants to create a list, summarizing the

6 materials in the confidential portion of the plaintiff's central file.  There is no requirement that

7 the party create a document containing the information described in the request.  Alexander v.

8 F.B. I., 194 F.R.D. 305, 310 (D.D.C. 2000).

9    7.  Information That Might Jeopardize Safety

10    Defendants argue that producing documents in response to requests 3 (seeking

11 information about weapons policy) and 41 (requesting a lay-out of the institution) could

12 jeopardize the security of the institution.  It also appears that request 1 (use of force policy), if a

13 response is compelled, might have an impact on safety.  Defendants' declining to provide these

14 documents is legitimate.

15    8.  Other Matters

16    In response to requests 2, 20, 31, 32, 36 and 42 defendants have provided portions

17 of the Department Operations Manual.  In response to requests 38 and 39, defendants provided a

18 job description.  In his reply, plaintiff does not take issue with what was given to him.  Moreover,

19 to the extent that request 32 ("procedures or policy that authorizes CDC-officials to place an

20 inmate on '10 days' management status") requires the defendants to create a document

21 addressing the matters contained in the request, it is inappropriate.  Alexander v. F.B.I., 194

22 F.R.D. at 310.

23    9.  Personnel Files

24    Plaintiff asks for documents memorializing racial prejudice, dishonesty,

25 fabrication of rules violation reports, aggression, use of excessive force, or other acts showing "a

26 morally lax character," presumably about each defendant, prepared by supervisors or other

correctional personnel.  <u>See</u> Requests 10, 13.  The logical place for such information to be found is in the defendants' personnel files.  However, government personnel files are deemed to be official information and subject to the privilege for such information.  <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1991).

  B. <u>Motions Filed March 11 and 17, 2008 (Docket Nos. 76 & 77)</u>

    Plaintiff seeks to compel the defendants to answer a number of interrogatories sent on or about February 14, 2008.  He suggests that these requests, although late, are appropriate because defendants received an extension of time to respond to his earlier requests and because he is a "'layman' to all the rules of civil procedure."  Docket No. 77 at 1.

    According to the court's scheduling order, all motions to compel discovery were to be filed by February 29, 2008 and all requests for discovery to be served on the other parties sixty days before that date.  Docket No. 53 ¶ 1.  Defendants' extension request may have had some bearing on plaintiff's ability to formulate additional interrogatories within the time limits of the scheduling order, but plaintiff does not clearly show the connection.  In fact, the additional interrogatories do not appear to build on prior answers.   These requests are therefore untimely.

IV. <u>Motion For The Appointment Of Counsel (Docket No. 76-2)</u>

    Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will be denied.

/////

/////

1    IT IS THEREFORE ORDERED that:

2    1.  In light of the pending motion for summary judgment, the dates for filing

3    pretrial statements, pretrial conference and trial as to defendants Gonzalez, Briddle and

4    Vanderville are hereby vacated, to be reset, if necessary, following resolution of the motion for

5    summary judgment;

6    2.  Plaintiff's motion for the appointment of counsel (docket no. 76-2) is denied;

7    3.  Plaintiff's motion to compel (docket no. 76) is denied as untimely;

8    4.  Plaintiff's motion to compel (docket no. 77) is denied as untimely;

9    5.  Plaintiff's motion for the entry of default (docket no. 72) is denied;

10   6.  Plaintiff's motion to compel (docket no. 60) is granted to the following extent

11   but denied in all other respects:

12   A.  Defendant Vanderville is directed to provide plaintiff with a copy of

13   any documents responsive to request 40 within twenty days of the date of this order; and

14   B.  The defendants are directed to provide copies of the documents

15   responsive to requests 22, 23 and 44 **directly to chambers** for in camera review within twenty

16   days of the date of this order; following the receipt of these documents the court will issue

17   another order resolving the motion as to these requests;

18   7.  Plaintiff's motion to file an amended complaint (docket no. 82) is denied as to

19   defendants Gonzalez, Briddle and Vanderville and granted as to defendants Braida, Cook,

20   Epperson and Williams;

21   8.  The Clerk of the Court is directed to open a new action and file the amended

22   complaint (docket no. 82) and a copy of this order in that action.  That case is related to the

23   instant action under Local Rule 83-123(a) and should be assigned to the same District Judge and

24   Magistrate Judge.   If the cases proceed to trial, at that time the court will consider whether to

25   consolidate the actions for trial; and

26   /////

10

1        9.  The defendants in the new action, Braida, Cook and Epperson, are directed to

2    file an answer to the amended complaint within thirty days of the date of this order.

3    DATED:  May 20, 2008.

4

5    _____

6    U.S. MAGISTRATE JUDGE

7

8

9

10

11    2/will0160.mtc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26